UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUAN FIZZARO GAINER, JR.,

       Petitioner,

vs.                                      Case No. 3:18-cv-844-J-39MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

       Respondents.

## ORDER

### I. INTRODUCTION

Petitioner Juan Fizzaro Gainer, Jr., is proceeding on a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 1), filed on June 29, 2018 pursuant to the mailbox rule. He challenges his state court (Suwannee County) conviction for attempted armed robbery with a firearm, second degree murder, and tampering with evidence. Id. at 1. The trial court sentenced him to five years on count one, twenty years concurrent on count two, and, on count three, five years of probation consecutive to the other sentences. Id. In Issue One of the Petition, Petitioner raises a "gateway" claim of actual innocence. Id. at 5. In his remaining grounds, he raises

claims of ineffective assistance of trial counsel (Issues Two through Four). Id. at 8-13.

Petitioner admits untimeliness of his Petition but asserts he satisfies the requirements for the actual innocence gateway to federal habeas review per McQuiggin v. Perkins, 569 U.S. 383 (2013), and references Martinez v. Ryan, 566 U.S. 1 (2012) and claims its holding allows his claims of ineffectiveness of trial counsel to be addressed although his federal petition is untimely and he has not exhausted his claims in the state court system. Petition at 22.

Respondents filed a Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Response) (Doc. 5), asserting the federal petition is untimely filed and due to be dismissed. Response at 1. Petitioner filed a Reply to Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Reply) (Doc. 7).[1]

## II.  EVIDENTIARY HEARING

Petitioner, a federal habeas petitioner, carries the burden to establish a need for an evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)

---

[1] With respect to the Petition, Response, Reply, and all exhibits, the Court will refer to the page numbers assigned by the electronic filing system.

(opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012). After review, the Court finds no need for an evidentiary hearing as the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief.  As such, the Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  Thus, Petitioner is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

### III.  TIMELINESS

Respondents assert the Petition is untimely.  Response at 5. Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant

>    was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner has failed to comply with the limitation period described above. Petitioner signed a plea agreement on April 15, 2012, offering a plea of guilty to armed robbery with a firearm, second degree murder, and tampering with evidence. (Doc. 5-4). After judgment and conviction on April 16, 2012, Petitioner did not appeal his conviction and sentence. (Doc. 5-6 at 5-16). The judgment of conviction and sentence became final on Wednesday, May 16, 2012, thirty days after sentencing when the time for filing a direct appeal in the district court of appeal expired. Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1292 (11th Cir. 2007) (the AEDPA one-year limitation period runs from the date on which

the judgment became final by conclusion of direct review or expiration of the time for seeking direct review), cert. denied, 555 U.S. 1149 (2009); Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (judgment becomes final when time for seeking direct appeal expires). The limitation period began to run Thursday, May 17, 2012 and ran for 365 days until the limitation period expired on Friday, May 17, 2013. Petitioner filed his Petition on June 29, 2018 pursuant to the mailbox rule, long after the one-year limitation period expired.

Based on the history outlined above, the federal petition filed in 2018 is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. Petitioner does not contend he is entitled to equitable tolling of the limitation period and he has not identified some extraordinary circumstance that stood in his way that prevented his timely filing a federal petition. Petitioner has not shown he is entitled to extraordinary relief and equitable tolling is not warranted.

Petitioner does claim actual innocence in the Petition as a "gateway" claim. To invoke the fundamental miscarriage of justice exception, a petitioner must present new evidence that was not available at the time of trial, and it must be "new reliable evidence-whether it be exculpatory scientific evidence,

5

trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1985). Although, actual innocence may provide a gateway for a § 2254 petitioner to obtain a decision on the merits for an otherwise time-barred claim, "[w]ith the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected." Snodgrass v. Sec'y, Fla. Dep't of Corr., No. 3:15-cv-754-J-32PDB, 2018 WL 4145930, at *4 (M.D. Fla. Aug. 30, 2018) (not reported in F. Supp.) (citing Schlup, 513 U.S. at 324)). This case is no exception.

Petitioner has not attempted to make a credible showing of actual innocence with new evidence that was not available at the time of his trial. See McQuiggin, 569 U.S. at 392-93. Notably, the McQuiggin exception is applicable only if a petitioner presents evidence of innocence so strong it convinces the court that "no reasonable juror would vote to find him guilty." Creel v. Daniels, No. 5-16-cv-00803-LSC-JEO, 2018 WL 2187797, at *4 (N.D. Ala. April 12, 2018) (not reported in F. Supp.), report and recommendation adopted by 2018 WL 2184543 (N.D. Ala. May 11, 2018). As Petitioner has failed to come forward with any new reliable evidence of innocence, he has not met the difficult standard set forth in Schlup and its progeny.

In his Petition, Petitioner admits the Petition is untimely, but claims actual innocence, asserting his trial counsel misadvised him to accept a plea, failed to move to suppress the evidence by arguing lack of chain-of-custody or the introduction of contaminated evidence, and failed to raise a violation of speedy trial and the conflict of interest of prior counsel. Petition at 5-13.

Upon review, Petitioner fails to point to any evidence demonstrating it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. See McQuiggin, 569 U.S. at 395. This lack of new evidence establishing actual innocence proves fatal to any gateway claim.

Petitioner carries the burden of adequately alleging actual innocence, and he bears the burden of presenting new reliable evidence of actual innocence. In this case, Petitioner has not presented new reliable evidence (exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence) demonstrating actual innocence. Indeed,

> actual innocence means factual innocence, not legal insufficiency. See Calderon v. Thompson, 523 U.S. 538, 559 (1998); Johnson v. Florida Dep't Of Corr., 513 F.3d 1328, 1334 (11th Cir. 2008); Hill v. United States, 569 Fed. Appx. 646, 648 (11th Cir. 2014) ("The actual-innocence exception is 'exceedingly narrow in

>scope' because it requires that the defendant establish that he was, in fact, innocent of the offense, not merely legally innocent, even in the sentencing context.").

Kropa v. Sec'y, Dep't of Corr., No. 8:16-CV-2612-T-27MAP, 2017 WL 354103, at *3 (M.D. Fla. Jan. 23, 2017) (not reported in F. Supp.).

It is important to note that legal innocence is not the same as actual innocence. For example, whether evidence was not properly procured does not go to factual or actual innocence. See Hardy v. Jones, No. 3:14-cv-144/MCR/EMT, 2016 WL 5110502, at *35 (N.D. Fla. Mar. 1, 2016) (finding a contention there was a lack of probable cause to justify a search is a claim of legal innocence, not factual innocence) (not reported in F. Supp.), report and recommendation adopted by 2016 WL 5110486 (N.D. Fla. Sept. 20, 2016); McCreless v. Sec'y of Fla. Dep't of Corr., No. 3:12cv414/RV/CJK, 2015 WL 265334, at *7 (N.D. Fla. Jan. 21, 2015) (not reported in F.Supp.3d) (recognizing petitioner did not base his claim on newly discovered evidence of factual innocence but rather; instead, based his challenge on the legality of the search which resulted in the discovery and seizure of evidence and the legal sufficiency of the evidence linking him to the crime).

Petitioner, by alleging his reliance on the mis-advice of trial counsel with regard to a plea, counsel's failure to move to suppress the evidence by arguing lack of chain-of-custody or the

8

introduction of contaminated evidence, and counsel's failure to raise a violation of speedy trial and the conflict of interest of prior counsel, is claiming legal innocence or legal insufficiency of evidence linking Petitioner to the crimes, not factual innocence. As such, he has not presented new reliable evidence of actual innocence.

Finally, to the extent Petitioner claims his untimely filing of the federal Petition is excused because of counsel's ineffectiveness, Petition at 22, in reliance on the holding in Martinez v. Ryan, Petitioner's contention is without merit based on Eleventh Circuit precedent. Of note,

> The Eleventh Circuit has expressly rejected petitioner's argument that Martinez applies to overcome the statute of limitations bar. Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) (holding that "the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

Sledge v. Jones, No. 3:14-cv92/MCR/CJK, 2015 WL 521057, at *4 (N.D. Fla. Feb. 9, 2015) (not reported in F. Supp. 3d).

The Court concludes the holding in Martinez is inapplicable and does not excuse Petitioner's untimely filing of his Petition. In Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir.), cert. denied,

574 U.S. 821 (2014), the Eleventh Circuit thoroughly explained the limitation of the holding in Martinez:

> As our discussion shows, the Martinez rule explicitly relates to excusing a procedural default of ineffective trial counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period. The § 2254 ineffective trial counsel claims in Martinez and Trevino[2] were not barred by AEDPA's one year limitations period. Instead, those § 2254 claims were dismissed under the doctrine of procedural default because the petitioners never timely or properly raised them in the state courts under the states' procedural rules. At no point in Martinez or Trevino did the Supreme Court mention the "statute of limitations," AEDPA's limitations period, or tolling in any way.

Thus, Petitioner has not presented any justifiable reason why the dictates of the one-year imitation period should not be imposed upon him.  He did not assert, nor has he demonstrated, he is entitled to equitable tolling.  The Court finds he has failed to make a credible showing of actual innocence by offering new evidence that is directly probative of his innocence.  Therefore, the Court will dismiss the Petition and the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

---

[2] Trevino v. Thaler, 569 U.S. 413 (2013).

1. The Petition for Writ of Habeas Corpus (Doc. 1) and the case are **DISMISSED with prejudice**.

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability.** [3]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of May, 2020.

---

[3] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

_____
BRIAN J. DAVIS
United States District Judge

```
sa 5/29
c:
Juan Fizzaro Gainer, Jr.
Counsel of Record
```